*Wesley Cagle v. State of Maryland*, No. 15, September Term 2018.  Opinion by Hotten, J.

**CRIMINAL PROCEDURE – EVIDENCE – CLOSING ARGUMENT –** The Court of Appeals held that a trial judge who considers the specific circumstances of the case and weighs the relevant factors at issue does not abuse their discretion by precluding a criminal defendant from playing video excerpts of trial testimony during closing arguments.

IN THE COURT OF APPEALS

OF MARYLAND

No. 15

September Term, 2018

_____

WESLEY CAGLE

v.

STATE OF MARYLAND

_____

Barbera, C.J.,
Greene,
*Adkins,
McDonald,
Watts,
Hotten,
Getty,

JJ.

_____

Opinion by Hotten, J.
Adkins and Watts, JJ., join in judgment
only.

_____

Filed: December 13, 2018

*Adkins, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the MD. Constitution, Article IV, Section 3A, she also participated in the decision and adoption of this opinion.

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document
is authentic.



Suzanne C. Johnson, Clerk

Wesley Cagle ("Cagle") seeks review of a ruling by the Circuit Court for Baltimore City that precluded Cagle from playing video excerpts of trial court testimony during closing argument. The Court of Special Appeals affirmed. We granted *certiorari* to answer the following question: "Does a trial court err in precluding a criminal defendant from using trial testimony video in closing argument?" For reasons stated below, we shall affirm the judgment of the Court of Special Appeals.

## FACTUAL AND PROCEDURAL BACKGROUND

*Factual Background*

On December 28, 2014, Baltimore City Police Department Officers Dancy Debrosse, Isiah Smith, Kevin Leary, and Cagle responded to a triggered security alarm at a convenience store in Baltimore, Maryland. Upon arrival, Officers Smith and Leary positioned themselves on either side of the entrance into the store, while Cagle remained in a side alley. The suspect, who was wearing a mask and later identified as Michael Johansen, opened the convenience store door and advanced towards Officers Smith and Leary. Johansen ignored Officer Leary's numerous commands to show his hands and continued to walk towards the officers. As he approached, Johansen reached into his waistband and, according to Officer Smith, grabbed "something silver" that Officer Smith feared was a knife or gun. Officers Smith and Leary both fired at Johansen, striking him in several places and causing him to fall backwards into the doorway.

After hearing the gunshots, Cagle emerged from the side alley with his gun drawn. Officers Leary and Smith still had their weapons drawn and trained upon Johansen, who

was lying in the doorway of the convenience store. Cagle approached Johansen, walking directly into the other officers' line of fire and forcing them to lower their weapons. While Johansen was still lying on the ground, Cagle and Johansen had a brief exchange of words, followed by Cagle firing once at Johansen.

The parties differ regarding what was expressed between Cagle and Johansen, as well as the purpose of Cagle firing his weapon. At trial, Cagle testified that he repeatedly yelled, "[L]et me see your hands," to Johansen as he approached. Cagle contended that Johansen moved his hands in an upward motion, "like he was taking his shirt off or zipping his jacket[.]" Cagle claimed that he observed a shiny metal object in Johansen's hands, and "discharged [his] weapon at the threat." Conversely, Johansen testified that when Cagle approached, Johansen asked, "What was that, like one of them bean bag guns?" and Cagle allegedly replied, "No, it was a .40 caliber, you piece of sh*t," and then shot Johansen in the groin. Officers Leary and Smith testified that they were not able to hear the exchange between Cagle and Johansen, and did not have a clear view of Johansen while he was lying on the ground. However, Officer Leary told Internal Affairs that at the time Cagle shot Johansen, "the threat was over."

*Procedural Background*

Cagle was indicted on September 3, 2015 on four counts: Attempted Murder in the First Degree, Attempted Murder in the Second Degree, Assault in the First Degree, and Use of a Firearm in Commission of a Felony or Crime of Violence. During the trial, Cagle elicited testimony from Johansen, Officers Leary and Smith, and a firearms expert

regarding the reasonableness of the amount of force Cagle used when he shot Johansen. Prior to closing arguments, defense counsel asked the court's permission to use a PowerPoint during his closing argument that would contain video recorded excerpts of trial testimony, as well as a video recording of a pretrial statement made by Johansen that had been introduced into evidence. Cagle asserted that the outcome of the case was dependent on eyewitness testimony and the jury's determinations of credibility of these witnesses. Cagle argued that playing the in-court testimony during closing argument would allow the jury to observe the witnesses' demeanor and adequately judge the consistency of their statements. The trial court indicated that it wished to view the PowerPoint and the accompanying video excerpts before counsel used it. After reviewing the PowerPoint, the court advised counsel that she would allow counsel to include in the PowerPoint the recording of the pretrial statement that had been introduced into evidence, but not the video excerpts from trial testimony. The court explained its decision as follows:

> I do not allow, under any circumstances, the replaying of court testimony during closing argument. I routinely have for 17 years, and did in this case, instruct the jury to take notes. I told them that it's their collective memory of the case. I told them to be mindful of the live testimony and that when they go into the jury room, that they are to use their collective memory of the evidence in rendering their verdict.

> During my instructions to them, I reiterated that nothing that you say -- you guys say is evidence and it's their collective memory of the evidence that prevails. I only will play for the jury live testimony of witnesses who've testified in this case at their request during deliberations. That has been [my] practice for 17 years and it is going to continue to be my practice in this case without exception.

* * *

3

. . . I do not want to give this jury the impression that we're going to sit for the rest of this week and replay the live court testimony of every witness who's testified in this case, nor am I going to allow anyone to play excerpts of something, giving the impression that one witness's testimony is more important than another because as I've already instructed them, they are to consider all of the evidence in this case, regardless of who called the witness[.]

The trial court went on to state that Cagle was still permitted "to reference trial testimony and to summarize it or restate it or draw [the jury's] attention to it, emphasize whatever [he] want[s] verbally[]" during his closing argument. The trial court also allowed Cagle to present the video recording of Johansen's pretrial statement, which was already admitted into evidence, as well as a surveillance video from the convenience store where the shooting took place.

On August 4, 2016, the jury convicted Cagle of Assault in the First Degree and Use of a Firearm in Commission of a Felony or Crime of Violence. On November 18, 2016, Cagle was sentenced to 12 years of incarceration on the Assault in the First Degree conviction and five years of incarceration on the Use of Firearm in Commission of a Felony or Crime of Violence conviction, to be served concurrently.

Following the sentencing hearing, Cagle took exception to the trial court's exclusion of the video excerpts of trial testimony and his resulting conviction, filing a timely appeal to the Court of Special Appeals. *See Cagle v. State*, 235 Md. App. 593, 178 A.3d 674 (2018). On appeal, Cagle challenged, *inter alia*, the trial court's exclusion of the use of the video excerpts during closing argument. The Court of Special Appeals held that the trial court did not abuse its discretion by excluding the video excerpts because of the genuine concern of undue delay, waste of time, and juror confusion expressed by the trial judge. In

4

so concluding, the Court of Special Appeals observed that Cagle still had the ability to reference trial testimony, use demonstrative aids, and present any recordings or documents that were already admitted into evidence. "Since [Cagle's] counsel was not prohibited from referencing the testimony verbally, the court did not abuse its discretion in excluding the excerpts of in-court testimony." *Id.* at 616, 178 A.3d at 687.

### STANDARD OF REVIEW

"The permissible scope of closing argument is a matter left to the sound discretion of the trial court. The exercise of that discretion will not constitute reversible error unless clearly abused and prejudicial to the accused." *Ware v. State*, 360 Md. 650, 682, 759 A.2d 764, 781 (2000) (quoting *Booth v. State*, 306 Md. 172, 210-11, 507 A.2d 1098, 1118 (1986), *vacated in part*, 482 U.S. 496, 107 S. Ct. 2529 (1987)). An abuse of discretion exists "where no reasonable person would take the view adopted by the [trial] court, or when the court acts without reference to any guiding rules or principles." *Alexis v. State*, 437 Md. 457, 478, 87 A.3d 1243, 1254 (2014) (citations omitted). "A proper exercise of discretion involves consideration of the particular circumstances of each case." *Gunning v. State*, 347 Md. 332, 352, 701 A.2d 374, 383-84 (1997). A failure to exercise this discretion, or a failure to consider the relevant circumstances and factors of a specific case, "is, itself, an abuse of discretion[.]" *101 Geneva LLC v. Wynn*, 435 Md. 233, 241, 77 A.3d 1064, 1069 (2013).

**DISCUSSION**

Generally, a party holds great leeway when presenting their closing remarks. "Counsel is free to use the testimony most favorable to his side of the argument to the jury, and the evidence may be examined, collated, sifted and treated in his own way. . . ." *Mitchell v. State,* 408 Md. 368, 380, 969 A.2d 989, 996 (2009) (quoting *Wilhelm v. State,* 272 Md. 404, 412, 326 A.2d 707, 714 (1974)). It falls "within the range of legitimate argument for counsel to state and discuss the evidence and all reasonable and legitimate inferences which may be drawn from the facts in evidence; and such comment or argument is afforded a wide range." *Id.* However, this leeway is not without limitation. As explained above, a trial court has broad discretion when determining the scope of closing argument. *Ware*, 360 Md. at 682, 759 A.2d at 781.

*The Trial Court Properly Exercised Its Discretion*

The trial court in the case at bar was clearly vested with the discretion to control the scope of closing arguments. Cagle argues that the trial court failed to exercise its discretion by applying a "hard-and-fast rule as to the use of trial testimony in closing argument." However, a "general rule" is not in and of itself a failure to exercise discretion, but rather "one of the myriad ways in which discretion may be exercised." *Holland v. State*, 122 Md. App. 532, 547, 713 A.2d 364, 371 (1998). In acknowledging this authority, the trial court properly exercised its discretion by applying a general policy of not permitting in-court trial testimony to be played during closing argument, and articulated the concerns surrounding the use of such video excerpts in light of the particular circumstances of the case. *See Gunning*, 347 Md. at 351, 701 A.2d at 383.

6

In *101 Geneva*, the trial judge held a hearing to determine whether to dismiss a foreclosure action, vacate the sale, and order a resale of the affected property. 435 Md. 233, 77 A.3d 1064 (2013). After consulting with the administrative judge prior to the hearing, the trial judge stated that she was "bound by" the administrative judge's determination to dismiss the action and declined to come to an independent conclusion of her own. *Id.* at 239, 77 A.3d at 1067. Even though the trial judge was clearly vested with the authority to make a "discretionary decision on the arguments[,]" she "failed to appreciate or exercise her discretion, in favor of an 'unyielding adherence to [a] predetermined position[.]'" *Id.* at 242-43, 77 A.3d at 1069-70 (quoting *Gunning*, 347 Md. at 351, 701 A.2d at 383). The trial judge made clear that she had "no intention of entertaining seriously the parties' arguments" and had already decided "to defer to [the other judge's] opinion." 435 Md. at 243, 77 A.3d at 1070. This Court concluded that the trial judge's failure to exercise discretion was "inappropriate and constitute[d] an abuse of discretion [itself]." *Id.*

When considering whether to permit the use of certain pieces of evidence and demonstrative aids during closing argument, a court must consider "the particular circumstances of each case." *Id.* at 241, 77 A.3d at 1069. Specifically, *Gunning* calls on the trial court to consider "the facts of the case at hand[.]" 347 Md. at 354, 701 A.2d at 385. Applying a blanket and uniform rule, in lieu of considering the particular circumstances and facts of a case, may constitute an abuse of discretion. *Id.* at 353, 701 A.2d at 384. In *Gunning*, the trial judge abused his discretion when he rejected the defendant's request to give identification instructions to the jury on the ground that he

7

"never give[s] that instruction[.]" *Id.* at 353-54, 701 A.2d at 384. "It is quite clear that the requested identification instructions should have at least been given careful consideration in the instant cases, and arbitrarily rejecting them as always inappropriate was an abuse of discretion." *Id.*

We disagree with Cagle's categorization that the trial judge's reasoning was a "rule, a standard without flexibility or consideration of issues presented in a specific case." The trial judge did not reject Cagle's request out of hand. It is evident that the trial judge carefully reviewed the proffered PowerPoint and video excerpts and decided that it was not an occasion to deviate from her usual practice as to recorded testimony. The trial judge stated that it had been her "practice for 17 years" not to permit the replaying of trial court video testimony during closing argument and that the present case provided no exception. It is true that "attempt[ing] to resolve discretionary matters by the application of a uniform rule, without regard to the particulars of the individual case[,]" can be an abuse of discretion. *Id.* at 353, 701 A.2d at 384. However, the trial judge went on to reason that she did "not want to give *this* jury the impression that we're going to sit for the rest of [the] week and replay the live court testimony of every witness, . . . [or give] the impression that one witness's testimony is more important than another[.]" (Emphasis added).

As the Court of Special Appeals opined in *Holland v. State*, "[d]iscretion [c]onsistently [e]xercised the [s]ame [w]ay [i]s [s]till [d]iscretion[.]" 122 Md. App. 532, 546, 713 A.2d 364, 371 (1998) (emphasis omitted). In *Holland*, the trial judge had a general policy of imposing "very strict sentences[]" on defendants found guilty of bringing substantial amounts of crack cocaine into the community. *Id.* at 547, 713 A.2d at 371

8

(emphasis omitted). The Court of Special Appeals concluded that "[t]he fact that a judge, even as a general rule, has a policy of imposing stiff sentences on those who bring a 'killer drug' into his community is not a failure to exercise discretion." *Id.* Similarly here, the fact that the trial judge had a general policy of excluding video excerpts of trial testimony because it may give the jury the impression that they would engage in an endless replay of the whole trial, or that it would inappropriately emphasize a specific witness's testimony, was not a failure to exercise discretion.

*The Trial Court Did Not Abuse Its Discretion*

In determining that the trial court properly exercised its discretion, we further conclude that the trial court did not abuse its discretion in precluding Cagle from playing video excerpts of trial testimony during closing argument. An abuse of discretion occurs "where no reasonable person would take the view adopted by the [trial] court . . . or when the court acts 'without reference to any guiding principles.'" *Rios v. Montgomery County*, 386 Md. 104, 121, 872 A.2d 1, 10 (2005) (quoting *Wilson v. Crane*, 385 Md. 185, 198, 867 A.2d 1077, 1084 (2005)). The trial court's judgment will be reversed if its ruling is "clearly against the logic and effect of facts and inferences before the court." *Id.* Unless the trial court's ruling was "well removed from any center mark imagined by the reviewing court and beyond the fringe of what that court deems minimally acceptable[,]" it should stand. *Id.*

In *Green v. State*, the Court of Special Appeals considered whether it was an abuse of discretion for the trial court to allow the State to replay a recorded telephone conversation during closing argument. 231 Md. App. 53, 149 A.3d 1159 (2016), *rev'd on*

9

*other grounds*, 456 Md. 97, 171 A.3d 1162 (2017). In objecting to the use of these recordings, the defendant argued that "allowing the State to replay the recordings when they were not introduced into evidence 'was analogous to permitting the introduction of evidence out of order . . . .'" *Id.* at 74, 149 A.3d at 1172. In so arguing, the defendant attempted to distinguish between the conversation, which was played for the jury during trial and which the defendant conceded was admitted into evidence, and the physical CD on which the conversation was stored, which was not admitted into evidence. *Id.* at 75, 149 A.3d at 1172. The trial court rejected this argument and overruled the defendant's objection, commenting, "[t]he words are in[,]" and could therefore be replayed during closing argument. *Id.* at 76, 149 A.3d at 1173. The Court of Special Appeals affirmed the trial court, reiterating that "counsel may repeat the testimony by replaying the recording that the jury already heard in evidence . . . . Accordingly, it was not an abuse of discretion by the circuit court to permit the prosecutor to utilize the previously played recording in closing argument." *Id.* at 80, 149 A.3d at 1175.

Although *Green* articulates the proposition that admitting the recordings for closing arguments is not an abuse of discretion, it does not necessarily follow that excluding the use of the recordings for closing arguments is an abuse of discretion. *Singleton v. State,* 231 Ga. App. 694, 695, 500 S.E.2d 411, 413 (1998) (commenting that the court has "upheld the trial court's exercise of its discretion in *permitting* during closing argument the use of a videotape and the re-reading of a transcript that were both previously admitted into evidence. However, the trial court also has the discretion to *prohibit* the use of such exhibits during closing argument." (Emphasis in original)). The abuse of discretion

standard does not provide for one outcome to be right while all other outcomes are wrong. Rather, it provides a "trial court has broad discretion in determining the scope of" closing arguments. *Martin v. State*, 364 Md. 692, 698, 775 A.2d 385, 388 (2001).

When determining the scope of closing argument, the trial court should consider the specific facts and circumstances of the case before it. *101 Geneva LLC*, 435 Md. at 241, 77 A.3d at 1069. It is clear to us that the trial court considered the facts and relevant circumstances in its decision to prohibit the use of video excerpts of trial court testimony during closing arguments and was therefore, not "violative of fact and logic." *Wilson*, 385 Md. at 198, 867 A.2d at 1084 (citing *In re Adoption/Guardianship No. 3598*, 347 Md. 295, 312, 701 A.2d 110, 118 (1997)).

In barring the use of the recordings during closing argument, the trial court stated that it would not "give this jury the impression that we're going to sit for the rest of this week and replay the live court testimony of every witness who's testified . . . ," thereby risking an undue delay, waste of time, or needless presentation of cumulative evidence, nor give the impression that "one witness's testimony is more important than another[,]" possibly misleading the jury, confusing the issues, or resulting in unfair prejudice. The trial court reiterated that it informed the jury of their responsibility to take notes during the trial and to use their "collective memory" when deliberating. Finally, the trial court pointed out that Cagle was still permitted "to reference trial testimony and to summarize it or restate it or draw [the jury's] attention to it, emphasize whatever [he] want[s] verbally" during closing argument. The trial court also allowed Cagle to present other video excerpts of pretrial statements that had been admitted into evidence, something that Cagle readily took

11

advantage of. The trial court clearly articulated its reasoning for prohibiting the use of video excerpts of trial testimony during closing arguments, considering the specific circumstances of the case as well as the risks to time and comprehension that such evidence would have on the trial. Such considerations and conclusions are not "beyond the fringe" of what we deem "minimally acceptable." *Rios*, 386 Md. at 121, 872 A.2d at 11 (quoting *Wilson*, 385 Md. at 199, 867 A.2d at 1084).

## CONCLUSION

We conclude that the trial court did not err or abuse its discretion in precluding Cagle from playing video excerpts of in-court trial testimony during closing argument. The trial court has broad discretion to determine whether video excerpts of trial testimony may be used during closing arguments. *Ware v. State*, 360 Md. 650, 682, 759 A.2d 764, 781 (2000). There is no hard and fast rule that requires – or forbids – the use of a PowerPoint with video excerpts of trial testimony in closing argument. The trial court's stated concerns regarding waste of time and juror confusion were well within the bounds of sound discretion and reason to justify its exclusion. Cagle was still permitted to verbally reference, describe, and highlight the trial testimony and play videos of pretrial statements that had been admitted into evidence. As such, the trial court did not abuse its discretion in prohibiting the use of video excerpts of trial testimony during closing argument.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS IS AFFIRMED. COSTS TO BE PAID BY PETITIONER.**

Judge Adkins and Judge Watts join in judgment only.

12