*In Re Expungement Petitions of Richard M.*, Nos. 700, 1435, September Term 2021.


**STATUTES > CONSTRUCTION > IN GENERAL > INTENT > IN GENERAL**

Interpretation of a statute and interpretation of a Maryland Rule are governed by the same rules of construction.

**STATUTES > CONSTRUCTION > PLAIN LANGUAGE; PLAIN, ORDINARY, OR COMMON MEANING > IN GENERAL**

When faced with question of statutory construction, the court looks first to plain meaning of words of statute, with goal to ascertain and effectuate legislative intent.

**STATUTES > CONSTRUCTION > PLAIN LANGUAGE; PLAIN, ORDINARY, OR COMMON MEANING > NATURAL, OBVIOUS, ACCEPTED MEANING**

The court gives words of statute their ordinary and natural meaning.

**STATUTES > CONSTRUCTION > PRESUMPTIONS AND INFERENCES AS TO CONSTRUCTION > STATUTE AS A WHOLE; RELATION OF PARTS TO WHOLE AND TO ONE ANOTHER > GIVING EFFECT TO ENTIRE STATUTE AND ITS PARTS; HARMONY AND SUPERFLUOUSNESS**

When interpreting a statute, the court presumes that the Legislature intends its enactments to operate together as a consistent and harmonious body of law, and thus, the court seeks to reconcile and harmonize the parts of a statute, to the extent possible consistent with the statute's object and scope.

**STATUTES > CONSTRUCTION > IN GENERAL > INTENT > IN GENERAL**

Court's goal when construing a statute is to ascertain and effectuate the actual intent of the legislature.

**COURTS > ESTABLISHMENT, ORGANIZATION, AND PROCEDURE >RULES OF COURT AND CONDUCT OF BUSINESS > OPERATIONS AND EFFECT OF RULES > IN GENERAL**

Just as the legislature may repeal a court-created rule, so too, an appeals court may, by rule, overturn a conflicting statute enacted by the legislature governing legal practice or procedure.

**COURTS > ESTABLISHMENT, ORGANIZATION, AND PROCEDURE >RULES OF COURT AND CONDUCT OF BUSINESS > OPERATIONS AND EFFECT OF RULES > IN GENERAL**

When there is a conflict between a statute and legal practice or procedure, the last enacted statute or legal practice or procedure prevails. The Court of Appeals' rule making authority, however, is limited to the realm of procedure, and the Court may not enact a rule that creates or removes a substantive (as contrasted with a procedural) right.

**COURTS > ESTABLISHMENT, ORGANIZATION, AND PROCEDURE >RULES OF COURT AND CONDUCT OF BUSINESS > OPERATIONS AND EFFECT OF RULES > IN GENERAL**

CP § 10-105(d)(2) and Rule 4-505(d) are in apparent conflict. Because both the statutory subsection and the Rule govern the procedure a court should follow in ruling on an expungement petition, we apply the canon of construction that the last enacted prevails. Because Rule EX4 c was enacted subsequently to the enactment of Art. 27, § 737(d), and neither the Rule nor the statute has been substantively changed during later re-codifications, the current Rule 4-505(d) takes precedence over the current statute, CP § 10-105(d)(2). Therefore, the circuit court in this case retained the discretion to deny appellant's expungement petition despite the State's tardy response.

**COURTS > ESTABLISHMENT, ORGANIZATION, AND PROCEDURE >RULES OF COURT AND CONDUCT OF BUSINESS > OPERATIONS AND EFFECT OF RULES > IN GENERAL**

The Court of Appeals, in enacting former Rule EX4 and its successor, Rule 4-505, properly acted within its rule-making authority and did not either create or remove a substantive right of a petitioner such as appellant. For the purposes of Appeal No. 700, the substantive rights created by the expungement statute are contained in CP §§ 10-105(a) and 10-107, which define those persons eligible to seek expungement. In contrast, those parts of the statutory scheme establishing how and where an expungement petition may be filed, and the actions the State and the circuit court should follow in response to a petition, are procedural. Because CP § 10-105(d)(2), which sets forth the procedure a court should follow after a petition is filed, and the State fails to file a timely objection, it does not establish a substantive right, it (and its statutory antecedent, former Art. 27, § 737(d)) was subject to amendment under the rule-making authority of the Court of Appeals.

**CRIMINAL LAW > CRIMINAL RECORDS > IN GENERAL > EXPUNGEMENT OR CORRECTION; EFFECT OF ACQUITTAL OR DISMISSAL > IN GENERAL**

Criminal Procedure Article ("CP"), § 10-105(d)(2), which provides, "Unless the State's Attorney files an objection to the petition for expungement within [thirty] days after the petition is served, the court shall pass an order requiring the expungement of all police records and court records about the charge[,]" is substantively unchanged from the original expungement statute, Art. 27, § 737(d). Both versions of the statute appear to require that a court grant an expungement petition if the State fails to file a timely objection, even if the petitioner is otherwise ineligible.

**CRIMINAL LAW > CRIMINAL RECORDS > IN GENERAL > EXPUNGEMENT OR CORRECTION; EFFECT OF ACQUITTAL OR DISMISSAL > IN GENERAL**

Maryland Rule 4-505(d), which provides, "The failure of a law enforcement agency or State's Attorney to file an answer within the [thirty] day period constitutes a consent to the expungement as requested[,]" is substantively unchanged from Maryland Rule EX4 c. The Rule treats the State's failure to file a timely objection as consent to the grant of an expungement petition; but a court retains discretion to refuse to enter into a consent judgment.

**CRIMINAL LAW > CRIMINAL RECORDS > IN GENERAL > EXPUNGEMENT OR CORRECTION; EFFECT OF ACQUITTAL OR DISMISSAL > IN GENERAL**

Under Md. Rule 4-508(c), an expungement order is a final judgment.

**CRIMINAL LAW > CRIMINAL RECORDS > IN GENERAL > EXPUNGEMENT OR CORRECTION; EFFECT OF ACQUITTAL OR DISMISSAL > IN GENERAL**

Regardless of whether the civil rule, Maryland Rule 2-535(b), or the criminal rule, Maryland Rule 4-345(b), would apply in an expungement case, the State's "Motion for Appropriate Relief" in Appeal No. 1435 properly could have been granted only on grounds of fraud, mistake, or irregularity. Because none of those grounds applies here, the circuit court's order granting the State's "Motion for Appropriate Relief" must be vacated, leaving in effect its previous order granting expungement.

**CRIMINAL LAW > CRIMINAL RECORDS > IN GENERAL > EXPUNGEMENT OR CORRECTION; EFFECT OF ACQUITTAL OR DISMISSAL > IN GENERAL**

If a person is convicted of a crime, prior nolle prossed criminal informations or indictments are not eligible for expungement.

Circuit Court for Wicomico County
Case Nos. C-22-CR-17-000029, C-22-CR-17-000042

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

Consolidated Appeals
No. 700
No. 1435
September Term, 2021

_____

IN RE EXPUNGEMENT PETITIONS OF

RICHARD M.

_____

Reed,
Beachley,
Zarnoch, Robert A.
  (Senior Judge, Specially Assigned),

JJ.
_____

Opinion by Reed, J.
_____

Filed:  December 7, 2022

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

Appellant, Richard M.,[1] appeals from the denial of his petitions for expungement in two interrelated cases. In Appeal No. 700, he raises two questions for this Court's consideration:

> 1. Did the circuit court violate appellant's Fourteenth Amendment right to procedural due process?

> 2. Did the circuit court abuse its discretion in granting the State's objection and denying his expungement petition?

In Appeal No. 1435, he raises three more questions for this Court's consideration:

> 1. Did the circuit court violate appellant's Fourteenth Amendment right to procedural due process in considering and granting the State's untimely motion for appropriate relief and rescinding the expungement order it had previously granted?

> 2. Did the circuit court violate appellant's Fourteenth Amendment right to procedural due process in accepting the State's untimely response to his expungement petition?

> 3. Did the circuit court err in considering the State's motion for appropriate relief because it lacked jurisdiction to do so?

For the reasons that follow, we affirm in Appeal No. 700 but vacate and remand with instructions in Appeal No. 1435.

## BACKGROUND

*Facts Common to Both Appeals*

---

[1] Throughout this opinion, the "last name of the expungement petitioner shall not be used in any opinion, oral argument, brief, record extract, petition, or other document pertaining to the appeal that is generally available to the public." Md. Rule 8-124(c).

Appellant, with several others, committed an armed robbery at the Salisbury, Maryland branch of the Bank of Delmarva in December 2016. [*Richard M.*] *v. State of Maryland*, No. 704, Sept. Term, 2018, at 1-4 (filed Aug. 23, 2019). The following month, on January 17, 2017, a criminal information was filed, in Case No. C-22-CR-17-000029 ("Case No. 029"), charging appellant with thirty-eight offenses[2] related to that bank robbery. One week later, an indictment was filed, in Case No. C-22-CR-17-000042 ("Case No. 042"), charging appellant with thirty-four offenses arising from the same December 2016 bank robbery. Several weeks after that, on February 16, 2017, nolle prosequi was entered as to the criminal information. Then, on July 10, 2017, a superseding indictment was filed, in Case No. C-22-CR-17-000477 ("Case No. 477"), charging appellant with fifty-eight offenses arising from the same December 2016 bank robbery. One week later, nolle prosequi was entered as to the indictment in Case No. 042. As of that date, July 17, 2017, appellant stood charged only under the indictment in Case No. 477.

The matter proceeded to a two-day jury trial in the Circuit Court for Wicomico County in Case No. 477. [*Richard M.*] *v. State of Maryland*, *supra*, No. 704, Sept. Term, 2018, at 1. The jury found appellant guilty of sixteen counts of armed robbery and related offenses, and the court sentenced him to prison terms totaling seventy years. *Id.* This Court affirmed those judgments on appeal. *Id.*

*Additional Facts Related to Appeal No. 700*

---

[2] The offenses charged all related to the December 2016 bank robbery and included multiple counts of robbery, armed robbery, first- and second-degree assault, reckless endangerment, false imprisonment, and theft, as well as weapons charges.

On April 13, 2021, appellant filed a petition for expungement in Case No. 029, on the ground that a nolle prosequi had been entered in that case. In response, the Clerk of the Circuit Court issued a notice to appellant, which stated:

> For us to continue to process the expungement, we need you to list the custodian of records and their addresses on the enclosed order. Custodians of record would be any agency that you want the order sent to (ex. State's Attorney, Central Repository, District Court, any police agency involved in the case, Wicomico County Detention Center, Court Reporters or any other agency that you feel needs to be notified). Fill in all sections of the order, except for those areas that are marked and return the requested information within [twenty-one] days from the date of this letter to the Clerk of Circuit Court for Wicomico County, P. O. Box 198, Salisbury, Maryland 21803-0198. Failure to respond may result in the dismissal of your Petition. If you have any questions, please call contact this office at [redacted].

Attached to that notice was a "FORM 4-508.1 ORDER FOR EXPUNGEMENT OF RECORDS," to enable appellant to comply with the clerk's request.

The same day the expungement petition was filed, on April 13, 2021, that petition was "[s]ent to all parties," including "SAO, SPD, MSP, and WC."[3] The docket also indicates that electronic service was effected that day. On May 11, 2021, the court received and docketed appellant's completed Form 4-508.1 in Case No. 029.

On May 24, 2021, the State answered the petition, objecting that the nolle prossed charges arose from the same set of facts that resulted in appellant's convictions in Case No. 477 and therefore, are ineligible for expungement. In an order dated June 14, 2021, the

---

[3] We infer that these abbreviations refer to, respectively, the State's Attorney's Office, the Salisbury Police Department, the Maryland State Police, and the Wicomico County Sheriff's Department.

circuit court denied appellant's petition for expungement. A timely appeal was noted, which became Appeal No. 700.[4]

*Additional Facts Related to Appeal No. 1435*

On April 13, 2021, the same day appellant filed the petition for expungement in Case No. 029, he also filed a petition for expungement in Case No. 042, on the same ground as in Case No. 029 (that is, that the charges had been nolle prossed). Here, too, the clerk issued to appellant a notice, informing him that he had twenty-one days to return a completed Form 4-508.1, listing all custodians of records and their addresses, so that the clerk's office could "continue to process the expungement[.]" This petition, too, was "[s]ent to all parties," including "SAO, SPD, MSP, and WC," the same day it was filed. Here, too, the record indicates that, on April 13, 2021, electronic service was effected and that, on May 11, 2021, the court received and docketed appellant's completed Form 4-508.1.

On May 13, 2021, the State answered the petition, advising the court (erroneously, as we shall explain) that appellant "is entitled to expungement of the records in the instant matter." Thereafter, by order filed June 3, 2021, the circuit court granted the petition for expungement in Case No. 042.

---

[4] Although the Events/Docket suggest the appeal was filed 31 days after entry of the order, the notice of appeal in the "Events" section of MDEC includes the letter that appellant, an "unrepresented prisoner," sent to the circuit court noting his appeal, postmarked July 14, 2021, which is timely under the prison mailbox rule. *Hackney v. State*, 459 Md. 108, 127 (2018).

4

Apparently, because of the interrelatedness of the case with Case No. 477,[5] the Salisbury Police Department notified the State's Attorney's Office that it was having difficulty in complying with the expungement order and "requested guidance." On July 8, 2021, the State filed a "Motion for Appropriate Relief," asserting that the charges in Case No. 042 are ineligible for expungement because they had been nolle prossed and re-charged[6] in a case that resulted in convictions and that the court should rescind its June 3rd order, which had granted expungement.

The circuit court did not immediately rule on the State's motion. Appellant filed an objection to the State's motion, pointing out the State's erroneous (but immaterial) reliance on an unrelated case, and he subsequently filed a "Motion of Contempt," seeking to compel enforcement of the court's June 3rd expungement order. Ultimately, on October 20, 2021, the circuit court granted the State's "Motion for Appropriate Relief" in Case No. 042 and purported to rescind the June 3rd expungement order in that case, while at the same time denying appellant's "Motion of Contempt." A timely appeal was noted, which became Appeal No. 1435.

*Additional Proceedings*

During the pendency of these appeals, having noticed the common factual basis that underlay them, we, on our own motion, consolidated the appeals in these cases.

---

[5] Appellant is pursuing postconviction relief in Case No. 477.

[6] The State's motion erroneously asserted that Case No. 042 had been re-charged in Case No. C-22-CR-17-000278 (a separate and unrelated case involving a different armed robbery) instead of Case No. C-22-CR-17-000477, but that error is immaterial.

5

## DISCUSSION

## Standard of Review

At the outset, this Court recognizes that interpretation of a statute and interpretation of a Maryland Rule are governed by the same rules of construction, *Perez v. State*, 420 Md. 57, 63 (2011); *Dove v. State*, 415 Md. 727, 738 (2010), and therefore, everything this Court says in the following section about statutory interpretation applies equally to our interpretation of the Maryland Rules.

Interpretation of a statute is a question of law that we review de novo. *Bellard v. State*, 452 Md. 467, 480 (2017). The "cardinal rule" of statutory construction is "to ascertain and effectuate the intent of the [l]egislature." *Watts v. State*, 457 Md. 419, 430 (2018) (citations and quotations omitted). "We assume that the legislature's intent is expressed in the statutory language and thus our statutory interpretation focuses primarily on the language of the statute to determine the purpose and intent of the General Assembly." *Maddox v. State*, 249 Md. App. 441, 452 (2021) (citation and quotation omitted).

We begin "with the plain language of the statute, and ordinary, popular understanding of the English language dictates interpretation of its terminology." *Maddox*, 249 Md. App. at 452 (citation and quotation omitted). We do not "read statutory language in a vacuum, nor do we confine strictly our interpretation of a statute's plain language to the isolated section alone." *State v. Bey*, 452 Md. 255, 266 (2017) (citations and quotations omitted). Thus, "the plain language must be viewed within the context of the statutory scheme to which it belongs, considering the purpose, aim, or policy of the Legislature in

6

enacting the statute." *Id.* Moreover, we "presume that the Legislature intends its enactments to operate together as a consistent and harmonious body of law, and, thus, we seek to reconcile and harmonize the parts of a statute, to the extent possible consistent with the statute's object and scope." *Id.*

"If the language of the statute is unambiguous and clearly consistent with the statute's apparent purpose, our inquiry as to the legislative intent ends ordinarily and we apply the statute as written without resort to other rules of construction." *Id.* at 265. Otherwise, if the language of the statute is ambiguous, that is, if it is reasonably susceptible of more than one meaning, we resolve that ambiguity "by searching for legislative intent in other indicia, including the history of the legislation or other relevant sources intrinsic and extrinsic to the legislative process."[7] *Id.* at 266.

### Resolving Apparent Conflict Between a Statute and a Rule

There may be circumstances where a statute and a rule cover the same subject matter, but the statute and the rule are in apparent conflict. "Just as the legislature may repeal a court-created rule, so too, the Court [of Appeals] may, by rule, overturn a statute enacted by the legislature governing legal practice or procedure."[8] Dan Friedman,[9] *The*

---

[7] We may, for example, consider "the structure of the statute, how it relates to other laws, its general purpose and relative rationality and legal effect of various competing constructions." *State v. Bey*, 452 Md. 255, 266 (2017) (citations and quotations omitted).

[8] The source of this authority is Article IV, Section 18(a) of the Constitution of Maryland, which provides in part that the Maryland Rules "shall have the force of law until rescinded, changed or modified by the Court of Appeals or otherwise by law."

[9] The Hon. Dan Friedman is now a member of this Court.

7

*Maryland State Constitution: A Reference Guide* 169 (2006). "When there is a conflict between such a law and rule, the last enacted prevails." *Id.* (citing 66 Op. Atty. Gen. 80 (May 14, 1981)); *see Murphy v. Liberty Mut. Ins. Co.*, 478 Md. 333, 377-78 (2022) (observing that, "under Article IV, § 18 [], when a rule and statute conflict in this area [i.e., regulation of the method by which litigants exercise a right of action], the last enacted provision prevails").

The Court of Appeals' rule-making authority, however, is limited to the realm of procedure, and the Court may not enact a rule that creates or removes a substantive (as contrasted with a procedural) right. *See*, *e.g.*, *Consolidated Constr. Servs., Inc. v. Simpson*, 372 Md. 434, 451 (2002) (observing that the Maryland Constitution "does not confer upon [the] Court [of Appeals] the power to, by rule, add substantive elements to causes of action"); *State v. Kanaras*, 357 Md. 170, 183 (1999) (observing that it is "doubtful" that the Court's "rule-making authority would extend to the creation of a separate cause of action"). Two decisions of the Court of Appeals, *Consolidated Construction*, 372 Md. 434, and *Murphy*, 478 Md. 333, illustrate, respectively, the improper and proper use of the Court of Appeals' rule-making authority, and we now briefly address them.

In *Consolidated Construction*, the Court considered a conflict between a statute and a rule, both of which addressed the scope of property subject to garnishment. The statute, Maryland Code (1974, 1998 Repl. Vol.), Courts & Judicial Proceedings Article, § 3-305, defined property subject to garnishment as "any property or credit, matured or unmatured, which belong to a debtor." At that time, Maryland Rule 2-645 (2002) defined property

subject to garnishment to include "any debt owed to the judgment debtor, whether immediately payable, unmatured, or **contingent**." (Emphasis added.)

The Court of Appeals declared that the Maryland Constitution "limits [its] rule[-]making power to matters of procedure and practice" and "does not confer upon [the] Court [of Appeals] the power to, by rule, add substantive elements to causes of action." *Consolidated Constr.*, 372 Md. at 451. It therefore concluded that, in adopting Rule 2-645, the Court had, albeit inadvertently, "exceeded" its rule-making authority by including, within the category of property subject to garnishment, contingent debt, because the rule thereby exposed a broader class of property to garnishment than the statute had allowed. *Id.* at 451-52 & n.11.

In *Murphy*, the Court of Appeals addressed a challenge to an administrative order, issued by the Chief Judge of the Court of Appeals in response to the COVID pandemic, which temporarily tolled statutes of limitations in civil actions. The Court noted that a statute of limitations "neither creates a right of action nor pertains to the merits of a cause of action[,]" but rather, "regulates the plaintiff's exercise of that right" and is therefore procedural. *Murphy*, 478 Md. at 375. Accordingly, it held that the "adoption of rules providing for the tolling of the statute of limitations in the event of an emergency fell within the Court's constitutional authority to adopt rules of practice and procedure" under Article IV, Section 18. *Murphy*, 478 Md. at 379.

## Appeal No. 700

*The Parties' Contentions*

9

Appellant contends that the circuit court violated his rights to procedural due process and equal protection of the laws under the Fourteenth Amendment and Article 24 of the Maryland Declaration of Rights because it "failed to adhere to" Maryland Code (2001, 2018 Repl. Vol.), Criminal Procedure Article ("CP"), § 10-105(d)(2), before denying the petition for expungement in Case No. 029. According to appellant, proper application of section 10-105(d)(2) required the circuit court to grant him expungement in that case because the State's objection was untimely. He further contends that the circuit court abused its discretion in granting the State's objection and denying his petition for expungement because, he maintains, he was "entitled" to expungement under CP § 10-105(c)(1) (governing when an expungement petition may be filed) and was not disqualified under CP § 10-105(e)(4)(i)-(ii) (governing when an objection to an expungement petition is filed by a State's Attorney).[10]

The State counters the appellant's argument, declaring that the nolle prossed charges in Case No. 029 are ineligible for expungement under CP § 10-107(a)(1) and (b)(1) (governing when charges arise from the same incident, transaction, or set of facts), because they were based upon the same facts as appellant's convictions in Case No. 477. The State further asserts that "the record does not indicate when [it] was *served* with" appellant's pro se petition, and therefore, "the record fails to support appellant's claim that the State's objection was untimely." But even if we deem that the State's petition was untimely, the

---

[10] The appellant availed himself of informal briefing and was invited to offer cases or law but did not provide any cases or law.

10

State asserts that the circuit court nonetheless properly denied appellant's petition under CP § 10-105(e)(3), which provides that upon finding that a person "is not entitled to expungement, the court shall deny the petition."[11] The State cites *State v. Nelson*, 156 Md. App. 558, 567-68 (2004), which explains that two or more charges arising from the same incident is a unit, and if a person is not entitled to expungement of one charge in a unit, the person is not entitled to expungement of any other charge in the unit.

*Analysis*

The General Assembly first enacted an expungement statute in 1975. 1975 Md. Laws, ch. 260 (codified at Article 27, §§ 735-741). That statute was approved April 22, 1975 and became effective July 1, 1975. *Id.* § 3 at 1304. From the beginning, and to the current day, expungement under Maryland law is mandatory if certain criteria are satisfied. One of the more noteworthy and peculiar features of the Maryland statutory scheme is the limitation it places on the trial court's authority.[12] *See Ward v. State*, 37 Md. App. 34, 36 (1977) (observing that the statute "seems to lodge no discretion in the court, but to mandate either granting or denying the relief, based upon statutorily defined entitlement, or the lack

---

[11] In the alternative, the State asks that, if we find that the circuit court erred in denying appellant's petition in Case No. 029, we provide guidance for the circuit court on remand. As we shall explain, the circuit court did not err in denying appellant's petition in this case. However, the same request for guidance arises in Appeal No. 1435, and we shall address it *infra* during the discussion concerning that appeal.

[12] In contrast with the Maryland scheme, many states leave the decision whether to grant expungement to the court's discretion. *See*, *e.g.*, Ind. Code § 35-38-9-9(a), (b); N.J. Stat. Ann. 2C:52-11; W. Va. Code § 61-11-25(d).

11

of it").[13] Maryland Code (1957, 1976 Repl. Vol.), Art. 27, § 737, provided, in this regard, as follows:

> (d) A copy of the petition [for expungement] shall be served on the State's attorney. Unless the State's attorney files an objection to the petition within [thirty] days after it is served on him, the court shall enter an order requiring the expungement of police records and court records pertaining to the charge.
>
> (e) If the State's attorney files a timely objection to the petition, the court shall conduct a hearing. If the court finds that the person is entitled to expungement, it shall enter an order requiring the expungement of police records and all court records pertaining to the charge. Otherwise, it shall deny the petition. . . .

Later that same year, the Standing Committee on Rules of Practice and Procedure of the Court of Appeals issued its 50th Rules Report, recommending adoption of a proposed new Rule 1292, to govern expungement proceedings under the newly enacted statute. 2 Md. Reg. 1610 (Nov. 26, 1975). On February 10, 1976, the Court of Appeals, on its own motion, redesignated the proposed rule "as special proceedings under Chapter 1100 Subtitle EX," and, with some revisions, it adopted the new subtitle, effective April 1, 1976. 3 Md. Reg. 276 (Mar. 3, 1976). As relevant here, Maryland Rule (1976) EX4 provided as follows:

> a. *Time for Filing.*
> 　　1. Application.
> Within thirty days after service of an application for expungement, the law enforcement agency shall file an answer, if it has not previously filed a timely Notice of Denial or if it wishes to assert additional reasons for denial at the hearing, a copy of which shall be served on the applicant or his counsel of record.
> 　　2. Petition.

---

[13] As we shall see, this feature persists in the current statute.

Within thirty days after service of a petition for expungement, the State's Attorney shall file an answer, a copy of which shall be served on the applicant or his counsel of record.

b. *Contents.*
      1. Specific Grounds.
An answer objecting to expungement of records shall state in detail the specific grounds for objection.
      2. Consent May Be by Answer.
A law enforcement agency or State's Attorney may by answer consent to the expungement of an applicant's or petitioner's record.

c. *Failure to File Deemed Consent.*
The failure of a law enforcement agency or State's Attorney to file an answer within the thirty day period constitutes a consent to the expungement of the applicant's or petitioner's records.

Whereas the statute seemingly required a court to grant an expungement petition if the State failed to file a timely response, *see* Art. 27, § 737(d) (providing that "[u]nless the State's attorney files an objection to the petition within [thirty] days after it is served on him, the court shall enter an order requiring the expungement of police records and court records pertaining to the charge"), the rule seemingly was different, providing that the State's untimely response "constitutes a consent to the expungement of the applicant's or petitioner's records."[14] Md. Rule EX4 c.

Although the scope of the expungement remedy has been expanded several times since the original enactment of the statute,[15] the procedural limitation on a trial court's

---

[14] In *State v. Nelson*, 156 Md. App. 558, 564-65 (2004), we referred to this provision, recodified without substantive change at CP § 10-105(d)(2), as "waiver."

[15] Originally, expungement was available only in cases that did not result in a final judgment of conviction. *See* Md. Code (1957, 1976 Repl. Vol.), Art. 27, § 737(a) (person charged with a crime eligible for expungement if acquitted, the charge was dismissed,
(continued)

authority remains.[16] Section 10-105 of the Criminal Procedure Article provides in pertinent part[17]:

> (a) A person who has been charged with the commission of a crime, including a violation of the Transportation Article for which a term of imprisonment may be imposed, or who has been charged with a civil offense or infraction, except a juvenile offense, may file a petition listing relevant facts for expungement of a police record, court record, or other record maintained by the State or a political subdivision of the State if:
>
> * * *
>
> (4) a nolle prosequi or nolle prosequi with the requirement of drug or alcohol treatment is entered;
>
> * * *
>
> (c)(1) Except as provided in paragraph (2) of this subsection, a petition for expungement based on an acquittal, a nolle prosequi, or a dismissal may not be filed within 3 years after the disposition, unless the petitioner files with the petition a written general waiver and release of all the petitioner's tort claims arising from the charge.

---

probation before judgment was entered, nolle prosequi was entered, or the proceeding was placed on the stet docket). Since that time, eligibility for expungement has been expanded to include persons who, though convicted, have received a full gubernatorial pardon, CP § 10-105(a)(8); to persons convicted of "nuisance crimes," CP § 10-105(a)(9); and most recently, under the Justice Reinvestment Act, to persons convicted of other enumerated misdemeanors (and even a few felonies such as theft, burglary, and possession with intent to distribute a controlled dangerous substance). CP § 10-110(a)(1)-(3).

[16] *See*, *e.g.*, *Reid v. State*, 239 Md. App. 1, 13 (2018) (noting that the current expungement statute lodges "no discretion in the [trial] court") (citations and quotations omitted); *Nelson*, 156 Md. App. at 568 (same).

[17] Amendments to the expungement statute, including CP § 10-105, were enacted in the 2022 Session of the General Assembly, as part of the Cannabis Reform Act, and will become effective, pursuant to Maryland Constitution, Art. II, § 17(b) (without the Governor's signature), contingent on the passage of a constitutional amendment. 2022 Md. Laws, ch. 26, secs. 5, 14. Those statutory amendments have no relevance to this appeal.

14

* * *

(d)(1) Except as provided in § 10-105.1 of this subtitle, the court shall have a copy of a petition for expungement served on the State's Attorney.

(2) Unless the State's Attorney files an objection to the petition for expungement within [thirty] days after the petition is served, the court shall pass an order requiring the expungement of all police records and court records about the charge.

(e)(1) If the State's Attorney files a timely objection to the petition, the court shall hold a hearing.

(2) If the court at the hearing finds that the person is entitled to expungement, the court shall order the expungement of all police records and court records about the charge.

(3) If the court finds that the person is not entitled to expungement, the court shall deny the petition.

(4) The person is not entitled to expungement if:

(i) the petition is based on the entry of probation before judgment, except a probation before judgment for a crime where the act on which the conviction is based is no longer a crime, and the person within [three] years of the entry of the probation before judgment has been convicted of a crime other than a minor traffic violation or a crime where the act on which the conviction is based is no longer a crime; or

(ii) the person is a defendant in a pending criminal proceeding.

* * *

Section 10-107 of the Criminal Procedure Article also is relevant to this appeal and provides:

(a)(1) In this subtitle, if two or more charges, other than one for a minor traffic violation, arise from the same incident, transaction, or set of facts, they are considered to be a unit.

(2) A charge for a minor traffic violation that arises from the same incident, transaction, or set of facts as a charge in the unit is not a part of the unit.

15

(b)(1) If a person is not entitled to expungement of one charge or conviction in a unit, the person is not entitled to expungement of any other charge or conviction in the unit.

(2) The disposition of a charge for a minor traffic violation that arises from the same incident, transaction, or set of facts as a charge in the unit does not affect any right to expungement of a charge or conviction in the unit.

The current version of the implementing rule, Maryland Rule 4-505, is substantially similar to its predecessor, former Rule EX4. The current rule provides:

**(a) Answer to Application.** Within [thirty] days after service of an application for expungement, if the law enforcement agency objects to the expungement, the agency shall file an answer and serve a copy on the applicant or the attorney of record.

**(b) Answer to Petition.** Within [thirty] days after service of a petition for expungement, the State's Attorney shall file an answer, and serve a copy on the petitioner or the attorney of record.

**(c) Contents.** An answer objecting to expungement of records shall state in detail the specific grounds for objection. A law enforcement agency or State's Attorney may by answer consent to the expungement of an applicant's or petitioner's record.

**(d) Effect of Failure to Answer.** The failure of a law enforcement agency or State's Attorney to file an answer within the [thirty] day period constitutes a consent to the expungement as requested.

There is a conflict between CP § 10-105 and Maryland Rule 4-505, which traces all the way back to the original statute and rule.[18] The statute appears to require a circuit court

---

[18] The operative language in CP § 10-105(d)(2) was enacted in 2001, without substantive change from former Art. 27, § 737(d), as part of the code recodification project. 2001 Md. Laws, ch. 10, § 2. Likewise, Maryland Rule 4-505 was adopted in 1984, without substantive change from former Rule EX4, as part of the 1984 rules recodification. Rules Order, 11 Md. Reg. S-1 through S-126 (April 27, 1984).

to grant an expungement petition if the State fails to file a timely objection, whereas the rule is couched in terms of the State's "consent."

It is settled law that a trial court may refuse to enter a consent judgment and that such refusal "is reviewable for abuse of discretion." *Long v. Long*, 371 Md. 72, 86 (2002) (citations omitted). Moreover, under authority conferred by Article IV, Section 18(a) of the Constitution of Maryland, the Court of Appeals "may, by rule, overturn a statute enacted by the legislature governing legal practice or procedure." Friedman, *supra*, at 169. Furthermore, when "there is a conflict between such a law and rule, the last enacted prevails." *Id.* (citing 66 Op. Atty. Gen. 80 (May 14, 1981)).

The Court of Appeals adopted former Rule EX4, effective April 1, 1976, which was later than the July 1, 1975 effective date of the expungement statute. And furthermore, the operative provisions of both the statute and the enabling rule, which are now CP 10-105(d)(2) and Maryland Rule 4-505, have remained unchanged ever since. Accordingly, we hold that the Court of Appeals, in adopting former Rule EX4 and current Rule 4-505, effectively amended the expungement statute, so that, notwithstanding its mandatory language, seemingly requiring a trial court to grant expungement if the State fails to file a timely objection to a petition, a trial court retains discretion to deny a petition, to the same extent that it has discretion to refuse to enter a consent judgment. *Long*, 371 Md. at 86.

We further note that the Court of Appeals, in enacting former Rule EX4 and its successor, Rule 4-505, properly acted within its rule-making authority and did not either create or remove a substantive right of a petitioner such as appellant. For the purposes of

17

this case, the substantive rights created by the expungement statute are contained in CP §§ 10-105(a) and 10-107, which define those persons eligible to seek expungement.[19] In contrast, those parts of the statutory scheme establishing how and where an expungement petition may be filed, and the actions the State and the circuit court should follow in response to a petition, are procedural. Because CP § 10-105(d)(2), which sets forth the procedure a court should follow after a petition is filed, and the State fails to file a timely objection, does not establish a substantive right, it (and its statutory antecedent, former Art. 27, § 737(d)) was subject to amendment under the rule-making authority of the Court of Appeals.

Here, in Case No. 029, the circuit court's docket entries unambiguously state that appellant's expungement petition was filed April 13, 2021, that electronic service was effected that same day, and that the State's objection was filed more than thirty days after the petition was served, on May 24, 2021. Thus, the State consented to expungement in Case No. 029, and the circuit court's authority to refuse to enter a consent judgment and, instead, deny appellant's petition turns on whether it abused its discretion in doing so.

Under CP § 10-107(a)(1), "if two or more charges, other than one for a minor traffic violation, arise from the same incident, transaction, or set of facts, they are considered to be a unit." Thus, the charges under Case No. 029 and Case No. 477 are a unit. Under

---

[19] In a related vein, when the General Assembly enacted CP § 10-110 as part of the Justice Reinvestment Act, 2016 Md. Laws, ch. 515, thereby expanding the list of convictions eligible for expungement, it was creating substantive rights that previously did not exist.

18

CP § 10-107(b)(1), if "a person is not entitled to expungement of one charge or conviction in a unit, the person is not entitled to expungement of any other charge or conviction in the unit." *See Nelson*, 156 Md. App. at 567-68. Plainly, the charges in Case No. 477 are ineligible for expungement. Therefore, under CP 10-107(a)(1) and (b)(1), also ineligible are the charges in Case No. 029.

"An abuse of discretion exists 'where no reasonable person would take the view adopted by the [trial] court, or when the court acts without reference to any guiding rules or principles.'" *Cagle v. State*, 462 Md. 67, 75 (2018) (quoting *Alexis v. State*, 437 Md. 457, 478 (2014)). Given that the charges in Case No. 029 are ineligible for expungement, we cannot say that the circuit court acted unreasonably or "without reference to any guiding rules or principles" in denying appellant's petition in Case No. 029. Therefore, the court did not abuse its discretion in doing so.[20] For the same reason, we reject appellant's contention that the circuit court denied him due process of law. Where the appellant was ineligible for expungement and the court followed the governing Rule there is no denial of due process or the equal protection of the laws.

**Appeal No. 1435**

---

[20] In passing, we note that our holding does not rely upon CP § 10-105(e)(3), and we reject the State's interpretation of that subsection, which, by our reading of the statute, applies only to a case in which, unlike here, the State has filed a timely objection and the circuit court then holds a hearing on the petition.

19

In the interest of brevity, we need not set forth a detailed summary of the parties' contentions in Appeal No. 1435, because, in the underlying case, Case No. 042, the following procedural facts are uncontroverted:

1. On April 13, 2021, appellant filed a petition for expungement in Case No. 042.

2. On May 13, 2021, the State filed a timely response, averring that appellant "is entitled to expungement of the records in the instant matter."

3. On June 3, 2021, the circuit court issued an order of expungement in Case No. 042.

4. On July 8, 2021, the State filed a "Motion for Appropriate Relief," asserting that the charges in Case No. 042 are ineligible for expungement and requesting that the court rescind its June 3rd order.

5. On October 20, 2021, the circuit court granted the State's "Motion for Appropriate Relief" in Case No. 042 and purported to rescind the June 3rd expungement order in that case.

The key facts here are that the June 3rd expungement order was a final judgment, Md. Rule 4-508(c), and the State filed its "Motion for Appropriate Relief" more than thirty days after entry of judgment. Therefore, the circuit court had authority to revise its judgment only on grounds of "fraud, mistake, or irregularity."[21] The State concedes that no such basis exists in this case, given the exceedingly narrow scope of "fraud, mistake, or irregularity." *See*, *e.g.*, *Powell v. Breslin*, 430 Md. 52, 71-72 (2013) (discussing the narrow

___

[21] It is unnecessary for us to determine whether an expungement proceeding is a collateral, civil action, or if it is a part of the original criminal case. If the former is true, then Rule 2-535(b) applies, and if the latter is true, then Rule 4-345(b) applies. Those provisions, however, are substantially identical. *Bereska v. State*, 194 Md. 664, 690 (2010); *Minger v. State*, 157 Md. App. 157, 172 (2004).

grounds for relief from an enrolled judgment afforded under "fraud, mistake, or irregularity"). We accept that concession, and we therefore conclude that the circuit court lacked the authority to issue its October 20th order. Accordingly, the circuit court's June 3rd order of expungement in Case No. 042 remains in effect, even though the charges in that case are ineligible for expungement under CP § 10-107(a)(1) and (b)(1). Therefore, we turn next to consider what actions are appropriate on remand so as to minimize the damage ensuing from the erroneous grant of expungement in this case.

Expungement is defined by statute:

"Expungement" with respect to a court record or a police record means removal from public inspection:

(1) by obliteration;

(2) by removal to a separate secure area to which persons who do not have a legitimate reason for access are denied access; or

(3) if access to a court record or police record can be obtained only by reference to another court record or police record, by the expungement of it or the part of it that provides access.

CP § 10-101(e).

Obviously, under the circumstances of this case, obliteration of records in Case No. 042 is inappropriate. Therefore, the only alternative is provided under subsections (e)(2) and (e)(3). For further guidance, we turn to Maryland Rule 4-512 ("Disposition of Expunged Records"):

Disposition of expunged records shall be as follows:

**(a) Removal.** The original of all court files and records ordered to be expunged and any unitized microform of record shall be removed from their usual and customary filing or storage location.

21

**(b) Sealing--Unsealing.** The original case file, and all other court records in the clerk's custody relating or referring to the action or proceeding, including any unitized microform of records and certificates of compliance, shall be sealed in a manila envelope on which the docket or case file number, and a clerk's Certificate of Expungement and Caution, shall be endorsed or stamped . . .*Sealed expunged records may be unsealed on written order of court on good cause shown, and the court may by order permit access to expunged records in the interest of justice.*

\* \* \*

**(f) Minimum Period of Retention.** Expunged records shall be retained by the clerk for a minimum period of three years after the date the order for expungement was entered. Expunged case files in multiple defendant cases shall be retained by the clerk until the prison terms, if any, of all co-defendants convicted in the action have been served.

**(g) Destruction Method and Schedule.** Upon the expiration of the minimum retention period provided in section (f) of this Rule, and unless otherwise ordered by the court, expunged records may be destroyed by the clerk by shredding or other method of complete destruction. Upon destruction of the expunged records, the name of the person whose court records have been destroyed shall be deleted from the listing maintained under section (c) of this Rule. Destruction of expunged records shall promptly be reported to the Records Management Division of the Hall of Records Commission on an appropriate destruction schedule.

*Id.* (emphasis added). Under Rule 4-512(b), the circuit court has the authority to unseal expunged records by written order "on good cause shown," and it has the authority to issue an order permitting "access to expunged records in the interest of justice." Given that the records in Case No. 042 are co-mingled with those in Case No. 477, which resulted in appellant's convictions and which is the subject of ongoing postconviction proceedings, we encourage the circuit court to exercise its authority under Rule 4-512(b) to ensure that postconviction proceedings be conducted without hindrance. We further observe that Rule 4-512(g) confers authority on the circuit court to issue an order that the records in Case No.

22

042 be exempt from destruction for as long as necessary after the expiration of the minimum retention period provided in Rule 4-512(f).

**JUDGMENT OF THE CIRCUIT COURT FOR WICOMICO COUNTY AFFIRMED IN APPEAL NO. 700. JUDGMENT OF THE CIRCUIT COURT FOR WICOMICO COUNTY VACATED AND REMANDED IN APPEAL NO. 1435 FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION. COSTS TO BE ASSESSED EQUALLY BETWEEN THE PARTIES.**